JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01856-JVS-KES | Date | February 15, 2022 |
| Title | Jack R. Finnegan v. United States, et al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Order Regarding Motion to Dismiss [14]**

Defendant United States moved to dismiss the complaint of Plaintiff Jack R. Finnegan ("Finnegan"). Mot., Dkt. No. 14. Finnegan opposed the motion. Opp'n, Dkt. No. 15. The United States replied. Reply, Dkt. No. 17.

For the following reasons, the Court **GRANTS** the motion to dismiss without prejudice.

### I. BACKGROUND

On March 6, 2018, Finnegan filed a voluntary Chapter 11 case in the Bankruptcy Court. Case No. 8:18-bk-10762-TA ("BK"), Dkt. No. 1. On March 24, 2018, the Bankruptcy Court ordered the United States Trustee to appoint a Chapter 11 Trustee over Finnegan's bankruptcy estate. BK, Dkt. No. 85. In September, 2018, the Bankruptcy Court granted the Trustee's motion to convert the bankruptcy case from a Chapter 11 reorganization case to a Chapter 7 liquidation case and authorized the Trustee to seek a conservatorship. BK, Dkt. Nos. 194, 195. In July 2021, the Trustee obtained orders from the Bankruptcy Court compelling Finnegan to turn over the Chapter 7 Trustee residential property located at 871 Avenida Acapulco, San Clemente, California 92672 (the "Property"). BK, Dkt. Nos. 371, 384. According to a status report filed on November 2021, the United States Marshal Service posted a Notice to Vacate on the Property, and Finnegan re-entered and re-occupied the Property despite the Bankruptcy Court's orders. BK, Dkt. No. 391.

On January 15, 2020, the Orange County Superior Court issued an Order

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:21-cv-01856-JVS-KES | Date | February 15, 2022 |
|---|---|---|---|

| Title | Jack R. Finnegan v. United States, et al. |
|---|---|

Appointing Conservator of Estate. Request for Judicial Notice ("RJN"), Mot. Ex. 1. The Order states:

> "Unless otherwise authorized by this Court pursuant to an express order, JACK RICHARD FINNEGAN ("Conservatee"), lacks the capacity to commence or continue any litigation, lawsuit, or other legal proceeding including, but not limited to, filing any pleading or notice of appeal in any federal or state court. Instead, any such pleadings, lawsuits, or appeals may only be filed by Conservator . . . ."

Id. at 7.

On November 10, 2021, Finnegan filed the present action asserting a myriad of causes of action. See generally Compl., Dkt. No. 1. The complaint appears to concern the Bankruptcy Court's actions in compelling Finnegan to turn over the Property and the United States Marshals Service's actions in effectuating the turnover. See generally id. On November 5, 2021, Finengan had filed a substantially similar complaint in Case No. 8:21-cv-01845-JVS-KES (the "Related Case"), asserting a myriad of causes of action.

On November 2, Finnegan filed a request for a injunction, which the Court denied. Dkt. Nos. 2, 16. On November 22, 2021, Finnegan filed an application for a temporary restraining order, which the Court denied. Dkt. Nos. 9, 10.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint.  Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01856-JVS-KES                     Date  February 15, 2022

Title  Jack R. Finnegan v. United States, et al.

confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## B.    Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

## A.    Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court takes judicial notice of the documents in the RJN pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01856-JVS-KES | Date | February 15, 2022 |
|---|---|---|---|

| Title | Jack R. Finnegan v. United States, et al. |
|---|---|

## B.  Conservatorship

Rule 17 of the Federal Rules of Civil Procedure governs the capacity of parties to sue or be sued in federal court. A court must look to the law of the state of the individual's domicile to determine whether that party has capacity to sue or be sued in an action in federal court. Fed. R. Civ. P. 17(b)(1). A conservator may sue on behalf of an incompetent person. Fed. R. Civ. P. 17(c)(1)(C). Here, California rules regarding capacity to bring or defend a legal claim apply. California Code of Civil Procedure § 372(a) provides, in relevant part, "When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case."

The Orange County Superior Court's Conservatorship Order establishes that Finnegan is currently under a state-court appointed conservatorship and is therefore incompetent to sue on his own behalf in federal court. See RJN, Ex. 1. Finnegan has not shown that his Conservator authorized the filing of this case or that the conservatorship has been terminated. See generally Compl.; Opp'n. Without such authorization, Finnegan lacks the capacity to bring suit for himself as someone adjudicated incompetent under California law. See Cal. Civ. Proc. Code § 372(a); see also Schwarzer, Tashima & Wagstaffe, Cal Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 7:37 at 7–18 (2011) ("[L]itigation ordinarily must be conducted through a ... conservator of the estate.").

Accordingly, the Court **DISMISSES** the complaint without prejudice based on Finnegan's lack of standing to bring suit in federal court. See, e.g., Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir. 2009) (holding that a court should not rule on the merits of a claim of an unrepresented incompetent person but should dismiss the claim without prejudice).

### IV.  CONCLUSION

For the following reasons, the Court **GRANTS** the motion to dismiss without prejudice.

**IT IS SO ORDERED.**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01856-JVS-KES | Date | February 15, 2022 |
| Title | Jack R. Finnegan v. United States, et al. | | |

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for February 28, 2022 is **VACATED**.

                                                            :        0

                        Initials of Preparer        lmb